# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SCOTT BONARRIGO**<br>    Plaintiff,<br><br>**vs.**<br><br>**EOS CCA, JOHN DOES 1-10, JANE DOES 1-10,**<br>**and X, Y, Z CORPORATIONS**<br>    Defendant, | )<br>)<br>)<br>)<br>)   **Civil Action No.**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Scott Bonarrigo, an individual consumer, against Defendants for violations of the law, including but not limited to, violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

## II.   JURISDICTION

2.  Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. §§ 1331 and 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business and resides here.

## III.   PARTIES

3.  Plaintiff, Scott Bonarrigo is a consumer, a natural person, residing in Essex County, in the state of Massachusetts.

4.  Defendant, EOS CCA is a company engaged in the business of collecting debt in this state and in several other states with its principal place of business located in Plymouth County, in the state of Massachusetts, at 700 Longwater Drive, Norwell, MA 02061.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.  John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint.  Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

2

6. Jane Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

7. X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

8. At all times relevant hereto, while conducting business in Massachusetts, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Massachusetts, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. §64.1200 (the "TCPA Regulations), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

### IV. FACTUAL ALLEGATIONS

9.  Herein, whenever Plaintiff Scott Bonarrigo alleged that Defendants either acted or failed to act in some manner, it means that Scott alleges that Defendants acted through one or more of their authorized employees, representatives and/or agents.

10.  Upon information and belief, within one year prior to the filing of this complaint, Defendants placed harassing calls to Scott, through the usage of an auto-dialer, for the purpose of trying to collect an alleged debt from him, as a consumer.

11.  Upon information and belief, Defendants began contacting Scott and placing multiple automated calls to Scott's cell phone prior to August 9, 2012.

12.  Upon information and belief, within one year prior to the filing of this complaint, Defendants called Scott using an automatic telephone dialing system (hereinafter "auto-dialer") as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) on multiple occasions, without his consent, and without Scott having ever been a customer of Defendants, or having ever had a prior existing business relationship with them.

13.  Upon information and belief, Defendants knowingly and/or willfully acted in the manner described above without Scott's invitation or permission.

14. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed, frustrated, and angered, amongst other negative emotions.

## *FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA*

15. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of each individual Defendants and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendants violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service, without his express consent, and without having a prior business relationship with Scott.

17. As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff Scott Bonarrigo for declaratory judgment that Defendants violated to TCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to

5

$500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227 from each Defendant herein.

## *SECOND CLAIM FOR RELIEF - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

18. Plaintiff Scott Bonarrigo repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

6

20. In enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers, such as Scott, and place restrictions on unsolicited telephone calls placed to individuals' cell phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendants, to not place any calls to the cell phone of a consumer in violation of FCC regulations.

21. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

22. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Scott, namely, by repeatedly and unlawfully attempting to collect an alleged debt from Scott, and thereby invaded Scott's privacy.

23. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Scott, namely, by repeatedly and unlawfully contacting his cell phone using an automatic telephone dialing system, without invitation and/or his express consent, or it being for emergency purposes, and thereby invaded Scott's right to privacy.

24. Defendants and their agents intentionally and/or negligently caused emotional harm to Scott by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Scott to pay on it, which amounted to conduct to intentionally and maliciously harass, bother, frustrate, agitate, aggravate, and annoy Scott, thereby invading and intruding upon Scott's right to privacy.

25. Defendants and their agents had knowledge of the TCPA and what is lawful action under it prior to calling Scott, yet they continued to contact him in an illegal manner.

26. Scott had a reasonable expectation of privacy in Scott's solitude, seclusion, private concerns and affairs.

27. The conduct of these Defendants and their agents, in engaging in the above-described illegal debt collection conduct against Scott, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

8

28. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

29. As a result of such intrusions and invasions of privacy, Defendants are liable to Scott for actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff Scott Bonarrigo respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages from each Defendant pursuant to 47 U.S.C. 227 for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

B. Trebled Statutory damages pursuant to 47 U.S.C. § 227(c)(5); and

C. As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants; and

D. As to Plaintiff's invasion of privacy claim, an award of punitive damages in Plaintiff's favor and against Defendants; and

9

E.  As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable

attorney's fees and costs; and

F.  A permanent injunction, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendants

from initiating any telephone calls to Plaintiff in violation of the regulations prescribed

under the TCPA; and

G.  For such other and further relief as the Court may deem just and proper.

Date:  August 9, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO:  680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (888) 712-4458
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Scott Bonarrigo demands trial by jury in this action.